**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONNECTQUEST, LLC,<br>Plaintiff,<br>v.<br>LEANTEGRA, INC.,<br>Defendant. | Civil Action No. 1:18-cv-11916<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ConnectQuest, LLC ("ConnectQuest" or "Plaintiff"), by its attorneys, brings this complaint for patent infringement and demand for jury trial against Defendant, Leantegra, Inc. ("Leantegra" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff, ConnectQuest, LLC, is a limited liability company organized and existing under the laws of Connecticut with its principal place of business at 44 Hedgehog Lane, West Simsbury, CT 06092.

3. Upon information and belief, Defendant, Leantegra, Inc., is a Delaware Corporation, having its principal place of business in New York and having an office at 205 East 42nd Street, 20th Floor, New York, NY 10017.

## JURISDICTION AND VENUE

4. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.

5. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over Leantegra because, upon information and belief, Leantegra's principal place of business is in this district.

7. This Court also has specific personal jurisdiction over Leantegra because, upon information and belief, Leantegra transacts business in the Southern District of New York, has purposefully availed itself of the privileges of doing business in the Southern District of New York, and has committed acts of patent infringement in the Southern District of New York as alleged in this complaint.

8. Leantegra, upon information and belief, has offered for sale and sold products that infringe ConnectQuest's asserted patents in this judicial district, including at least the Leantegra WiBeat BLE Beacon, Leantegra SDK, Leantegra WiRange Gateway, and Leantegra CVO Platform.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b), because, upon information and belief, the District of the Southern District of New York is a judicial district where Leantegra has committed acts of patent infringement as alleged in this complaint, and has a regular and established place of business, e.g., its headquarters in the Southern District of New York.

**THE PATENTS-IN-SUIT**

**The '642 Patent**

10. On September 9, 2014, United States Patent No. 8,831,642 ("the '642 Patent"), entitled "Close Proximity Notification System," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Serial No. 13/586,191. A true and correct copy of the '642 Patent is attached hereto as Exhibit A. ConnectQuest is the owner, by valid assignment, of the entire right, title and interest in and to the '642 Patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement of the patent.

**The '688 Patent**

11. On June 6, 2017, United States Patent No. 9,674,688 ("the '688 Patent"), entitled "Close Proximity Notification System," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Serial No. 14/977,037. A true and correct copy of the '688 Patent is attached hereto as Exhibit B. ConnectQuest is the owner, by valid assignment, of the entire right, title and interest in and to the '688 Patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement of the patent.

**The '906 Patent**

12. On June 12, 2018, United States Patent No. 9,998,906 ("the '906 Patent"), entitled "Close Proximity Notification System," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Serial No. 15/613,611. A true and correct copy of the '906 Patent is attached hereto as Exhibit C. ConnectQuest is the owner, by valid assignment, of the entire right, title and interest in and to the '906 Patent, including the right to

assert all causes of action arising under the patent and the right to any remedies for infringement of the patent.

**The '979 Patent**

13. On December 22, 2015, United States Patent No. 9,219,979 ("the '979 Patent"), entitled "Beacon for Close Proximity Notification System," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Serial No. 14/450,547. A true and correct copy of the '979 Patent is attached hereto as Exhibit D. ConnectQuest is the owner, by valid assignment, of the entire right, title and interest in and to the '979 Patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement of the patent.

**The '981 Patent**

14. On December 22, 2015, United States Patent No. 9,219,981 ("the '981 Patent"), entitled "Distributed Data in a Close Proximity Notification System," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application Serial No. 14/546,118. A true and correct copy of the '981 Patent is attached hereto as Exhibit E. ConnectQuest is the owner, by valid assignment, of the entire right, title and interest in and to the '981 Patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement of the patent.

**FACTUAL BACKGROUND**

15. ConnectQuest is an innovator in the field of beacon-based and proximity-based communications for applications such as local marketing, public safety, and news dissemination. ConnectQuest has developed a number of patented technologies in this field, some of which are asserted in this litigation.

16. ConnectQuest has engaged in the business of marketing, offering for sale, and/or selling products covered by the ‘642 Patent, ‘688 Patent, ‘906 Patent, ‘979 Patent, and the ‘981 Patent (collectively, the “Asserted Patents”). ConnectQuest has offered a product called “CQ™ Beacon” to retailers and other businesses, which allows Plaintiff’s customers to advertise, provide discounts and loyalty bonuses, and otherwise engage consumers in close proximity to the CQ™ Beacon. Plaintiff has also provided a free “CQ™ App” for iOS and Android devices that allowed customers to receive signals from the CQ™ Beacon.

17. Proximity-based retail engagement allows retailers and other advertisers to serve customized commercial offers and information to a customer’s smart phone based on the physical location of that customer. By tying these communications to the customer’s physical location, retailers and other advertisers can better ensure that the communications are more relevant and targeted to the customer’s interests.

18. Plaintiff’s innovative approach to proximity-based retail engagement has been written about in publications such as WIRED.com, the Hartford Business Journal, and CRM magazine. A copy of articles from each of these publications is attached hereto as Exhibit F.

19. Upon information and belief, Defendant markets hardware and a software platform for proximity-based retail engagement.

20. Upon information and belief, Defendant markets beacon products such as the “WiBeat” and “WiRange” under the Leantegra trade name.

21. One such product is the “WiBeat BLE,” which is a small, wearable beacon that contains a transceiver, processor, and memory, represented below in Figure 1.



**Figure 1**

22. Another such product is the "WiRange Wireless Gateway," which is a larger beacon and gateway that contains a transceiver, processor, and memory, represented below in Figure 2.




**Figure 2**

23. Upon information and belief, each of the Leantegra Hardware broadcasts a signal over Bluetooth Low Energy 4.0 with a configurable range of up to 100 meters.

24. The Leantegra Beacon is designed to be compatible with Leantegra's CVO Platform and mobile apps developed with the Leantegra mobile SDK.

25. Leantegra's CVO Portal allows Leantegra customers to manage and deploy a network of location signals, including LeantegraHardware.

26. Leantegra provides its customers with a software development kit ("SDK") that it calls the Leantegra SDK ("Leantegra SDK"), which "sets up a connection between WiBeats and the Leantegra CVO Portal backend, which enables WiBeat management and monitoring, downloading and caching content, displaying it in the 'offer list' or as push notifications, etc.." *See* Exhibit G, Leantegra.com Website, "Information for Developers," at 1.

27. The Leantegra SDK allows Leantegra's customers' mobile applications to interact with Leantegra Hardware using processes and functions defined in the SDK.

28. Upon information and belief, the functions and processes contained in the Leantegra SDK, when run on a mobile device within range of Leantegra Hardware, process the signal received from Leantegra Hardware and use that information to retrieve data from the Leantegra CVO Portal backend or cached on the mobile device.

29. Leantegra offers documentation in support of the Leantegra SDK, instructing users how to use the Leantegra SDK to integrate into the user's own mobile applications the ability to interact with Leantegra Hardware and the Leantegra CVO Portal.

**COUNT I**
**(Infringement of U.S. Patent No. 8,831,642)**

30. Plaintiff repeats and realleges Paragraphs 1-29 as though fully set forth herein.

31. Upon information and belief, Leantegra has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '642 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the combination of the Leantegra Hardware, Leantegra SDK, and Leantegra CVO Portal.

32. Leantegra Hardware, when used in conjunction with the Leantegra CVO Portal as well as a wireless mobile device running a mobile application developed with the Leantegra SDK infringes at least claim 1 of the '642 Patent.

33. Claim 1 of the '642 Patent covers a method for providing information to a user of a mobile device. It states as follows:

> 1. A method for providing information to a user of a mobile device, the method comprising:
>
> > receiving a signal from a geographic location that is positioned within a space defined by an effective reception range of a short-range wireless communication transmitter, wherein the signal is received from the short-range wireless communication transmitter, the signal includes an identification code, and the receiving is by a mobile device of a user located within the space;
> >
> > processing the signal on the mobile device, the processing including:
> >
> > > determining whether information associated with the signal is stored on the mobile device; and
> > >
> > > identifying a retrieval location of the information based on the determining and on the signal,
> > >
> > > wherein the processing the signal is performed exclusively by a software application located on the mobile device and independently of any networks;
> >
> > based on the processing, retrieving the information from the retrieval location using the mobile device; and
> >
> > displaying the information on the mobile device.

*See* Exhibit A, Claim 1.

34. Leantegra's products infringe this claim. The Leantegra Hardware is a short-range wireless communication transmitter, which Leantegra claims has a configurable range of up to 100 meters. The signal broadcast by the Leantegra Hardware includes a normalized identifier.

35. Any signal received from the Leantegra Hardware by a wireless mobile device would therefore be a "a signal from a geographic location that is positioned within a space defined by an effective reception range of a short-range wireless communication transmitter, wherein the signal is received from the short-range wireless communication transmitter, the signal includes an identification code."

36. When a wireless mobile device running a mobile application that has integrated the functionality of the Leantegra SDK enters the transmission range of the Leantegra Hardware, the wireless mobile device receives a signal. The Leantegra SDK includes several processes that integrate with the wireless mobile device's operating system ("OS") to detect Bluetooth and Wifi signals. These processes allow the user of a wireless mobile device to receive the signal "within the space" defined in Claim 1.

37. The signal is then processed by the Leantegra SDK, which first checks to see if metadata related to the signal is cached on the mobile device, which meets the "determining whether information associated with the signal is stored on the mobile device" portion of the claimed processing step.

38. When information related to the signal has not been previously fetched by the Leantegra SDK on the mobile device, processes in the Leantegra SDK identify a retrieval location for the information on the Leantegra CVO Portal, otherwise the information is retrieved from the cache, which meets the "identifying a retrieval location of the information based on the determining and on the signal" portion of the claimed processing step.

39. Upon information and belief, these processing steps are "performed exclusively by a software application located on the mobile device and independently of any networks."

40. Once information related to the signal is obtained, the Leantegra SDK displays the information using OS notifications and/or displaying a content viewer or deep link to another application, thus meeting both the step of "retrieving the information from the retrieval location using the mobile device" as well as "displaying the information on the mobile device."

41. Upon information and belief, Leantegra's customers and/or end users have directly infringed and are directly infringing claim 1 of the '642 Patent. Leantegra has actual knowledge of the '642 Patent at least as of service of this complaint. Leantegra is knowingly inducing its customers and/or end users to directly infringe the '642 Patent through, for example, the use of Leantegra Hardware in conjunction with the Leantegra CVO Portal and mobile applications made with the Leantegra SDK.

42. Leantegra has the specific intent to encourage such infringement, and knows that the induced acts constitute patent infringement. Leantegra's inducement includes, for example, providing customer or end users with technical guides, product data sheets, demonstrations, specifications, software and development support, guided installation processes using Leantegra software, and other forms of support that induce its customers and/or end users to directly infringe the '642 Patent.

43. Leantegra has committed the foregoing infringing activities without license from ConnectQuest.

44. Leantegra's continued infringement of ConnectQuest's patent rights under the '642 Patent will irreparably harm ConnectQuest.

45. The acts of infringement by Leantegra will continue unless enjoined by this Court.

**COUNT II**
**(Infringement of U.S. Patent No. 9,674,688)**

46. Plaintiff repeats and realleges Paragraphs 1-45 as though fully set forth herein.

47. Leantegra has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '688 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the combination of the Leantegra Hardware, Leantegra SDK, and Leantegra CVO Portal.

48. Leantegra Hardware, when used in conjunction with the Leantegra CVO Portal as well as a wireless mobile device running a mobile application developed with the Leantegra SDK, infringes at least claim 1 of the '688 Patent.

49. Claim 1 of the '688 Patent covers a method for providing information to a user of a mobile device. Specifically, it states as follows:

1. A method comprising:

> receiving a signal from a geographic location that is positioned within a space defined by an effective reception range of a short-range wireless communication transceiver, wherein the signal is received from the short-range wireless communication transceiver, the signal includes an identification code, and the receiving is by a wireless mobile device of a user located within the space;
>
> determining that an application associated with the signal is installed on the mobile device;
>
> processing the signal on the mobile device, the processing including:
>
> > identifying, by the application, a retrieval location of information associated with the signal,
> >
> > wherein the processing the signal is performed exclusively by the application executing on the mobile device and independently of any networks;

> based on the processing, retrieving the information from the retrieval location using the mobile device; and
>
> displaying the information on the mobile device.

*See* Exhibit B, Claim 1.

50. Leantegra's products infringe this claim.

51. The Leantegra Hardware is a short-range wireless communication transmitter, which Leantegra claims has a configurable range of up to 100 meters. The signal broadcast by the Leantegra Beacon includes a normalized identifier.

52. Any signal received from the Leantegra Beacon by a wireless mobile device would therefore be a "a signal from a geographic location that is positioned within a space defined by an effective reception range of a short-range wireless communication transmitter, wherein the signal is received from the short-range wireless communication transmitter, the signal includes an identification code."

53. When a wireless mobile device running a mobile application that has integrated the functionality of the Leantegra SDK enters the transmission range of the Leantegra Hardware, and the wireless mobile device receives a signal.

54. The Leantegra SDK includes several processes that integrate with the wireless mobile device's operating system ("OS") to detect Bluetooth and Wifi signals.

55. These processes allow the user of a wireless mobile device to receive the signal "within the space" as defined in Claim 1.

56. The mobile application or Leantegra SDK then determines whether the current application has cached metadata related to the signal, which meets the "determining that an application associated with the signal is installed on the mobile device" limitation.

57. The mobile application then processes the signal by identifying where information related to the signal may be obtained from the Leantegra CVO Portal, which meets the "identifying, by the application, a retrieval location of information associated with the signal" limitation.

58. This processing occurs entirely on the application on the wireless mobile device.

59. Once information related to the signal is obtained, the Leantegra SDK displays the information using OS notifications and/or displaying a content viewer or deep link to another application, meeting both the "retrieving the information from the retrieval location using the mobile device" and "displaying the information on the mobile device" steps of the claimed method.

60. Upon information and belief, Leantegra's customers and/or end users have directly infringed and are directly infringing at least claim 1 of the '688 Patent. Leantegra has actual knowledge of the '688 Patent at least as of service of this complaint. Leantegra is knowingly inducing its customers and/or end users to directly infringe the '688 Patent through, for example, the use of Leantegra Hardware in conjunction with the Leantegra CVO Portal and mobile applications made with the Leantegra SDK.

61. Leantegra has the specific intent to encourage such infringement, and knows that the induced acts constitute patent infringement. Leantegra's inducement includes, for example, providing customers and/or end users technical guides, product data sheets, demonstrations, specifications, software and development support, guided installation processes using the Leantegra software, and other forms of support that induce its customers and/or end users to directly infringe the '688 Patent.

62. Leantegra has committed the foregoing infringing activities without license from ConnectQuest.

63. Leantegra's continued infringement of ConnectQuest's patent rights under the '688 Patent will irreparably harm ConnectQuest.

64. The acts of infringement by Leantegra will continue unless enjoined by this Court.

**COUNT III**
**(Infringement of U.S. Patent No. 9,998,906)**

65. Plaintiff repeats and realleges Paragraphs 1-64 as though fully set forth herein.

66. Leantegra has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '906 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the combination of the Leantegra Hardware, Leantegra SDK, and Leantegra CVO Portal.

67. Leantegra Hardware, when used in conjunction with the Leantegra CVO Portal as well as a wireless mobile device running a mobile application developed with the Leantegra SDK, infringes at least claim 1 of the '906 Patent.

68. Claim 1 of the '906 Patent covers a method for providing information to a user of a mobile device. Specifically, it states as follows:

1. A method comprising:

> listening, by an "app" (application) on a wireless communication device, for a plurality of short-range wireless communications;
>
> receiving a short-range wireless communication from a short-range wireless communication transceiver, the short-range wireless communication including a signal that includes an identification code, the wireless communication device located at a geographic location within a space

> defined by an effective reception range of the short-range wireless communication transceiver;
>
> processing the signal by the application on the wireless communication device, the processing including identifying, based at least in part on the identification code, a retrieval location of information associated with the signal, wherein the processing of the signal is performed exclusively by the wireless communication device and independently of any networks; and
>
> retrieving the information from the retrieval location using the wireless communication device,
>
> wherein one or both of the wireless communication device and the short-range wireless communication transceiver are located on a mobile object.

*See* Exhibit C, Claim 1.

69. Leantegra's products infringe this claim.

70. The Leantegra SDK includes several processes that integrate with the wireless mobile device's operating system ("OS") to detect Bluetooth and Wifi signals.

71. Mobile applications developed with the Leantegra SDK therefore "listen" for Bluetooth and other wireless signals as defined in Claim 1.

72. The Leantegra Hardware is a short-range wireless communication transmitter, which Leantegra claims has a configurable range of up to 100 meters. The signal broadcast by the Leantegra Beacon includes a normalized identifier.

73. When a wireless mobile device running a mobile application that has integrated the functionality of the Leantegra SDK enters the transmission range of the Leantegra Hardware, and the wireless mobile device receives a signal.

74. Any signal received from Leantegra Hardware by a wireless mobile device would therefore be a "a short-range wireless communication from a short-range wireless communication transceiver, the short-range wireless communication including a signal that includes an identification code, the wireless communication device located at a geographic

location within a space defined by an effective reception range of the short-range wireless communication transceiver."

75. The mobile application or Leantegra SDK then determines whether the current application has cached metadata related to the signal.

76. The mobile application then processes the signal by identifying where information related to the signal may be obtained from either the Leantegra CVO Portal or the cache, which meets the "processing the signal by the application on the wireless communication device" limitation.

77. This processing occurs entirely on the application on the wireless mobile device.

78. Once information related to the signal is obtained, the Leantegra SDK displays the information using OS notifications and/or displaying a content viewer or deep link to another application, meeting the "retrieving the information from the retrieval location using the wireless communication device" step of the claimed method.

79. The Leantegra SDK allows end customers to develop apps for mobile phones running either iOS or Android.

80. These mobile phones are "mobile objects" as defined in Claim 1.

81. Upon information and belief, Leantegra's customers and/or end users have directly infringed and are directly infringing at least claim 1 of the '906 Patent. Leantegra has actual knowledge of the '906 Patent at least as of service of this complaint. Leantegra is knowingly inducing its customers and/or end users to directly infringe the '906 Patent through, for example, the use of Leantegra Hardware in conjunction with the Leantegra CVO Portal and mobile applications made with the Leantegra SDK.

82. Leantegra has the specific intent to encourage such infringement, and knows that the induced acts constitute patent infringement. Leantegra's inducement includes, for example, providing customers and/or end users technical guides, product data sheets, demonstrations, specifications, software and development support, guided installation processes using the Leantegra software, and other forms of support that induce its customers and/or end users to directly infringe the '906 Patent.

83. Leantegra has committed the foregoing infringing activities without license from ConnectQuest.

84. Leantegra's continued infringement of ConnectQuest's patent rights under the '906 Patent will irreparably harm ConnectQuest.

85. The acts of infringement by Leantegra will continue unless enjoined by this Court.

## COUNT IV
## (Infringement of U.S. Patent No. 9,219,979)

86. Plaintiff repeats and realleges Paragraphs 1-85 as though fully set forth herein.

87. Leantegra has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '979 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the combination of the Leantegra Hardware, the Leantegra SDK, and Leantegra CVO Portal.

88. Leantegra Hardware, when used in conjunction with a wireless mobile device running a mobile application developed with the Leantegra SDK, infringes claim 1 of the '979 Patent.

89. Claim 1 of the '979 Patent states as follows:

1. A transceiver comprising:

> an antenna;
>
> a processing device; and
>
> a memory device in communication with the processing device, the memory device storing instructions that when executed by the processing device result in:
>
>> discovering wireless mobile devices within a proximity range of the transceiver;
>>
>> initiating communication between the transceiver and one or more of the wireless mobile devices; and
>
> exchanging data with the one or more of the wireless mobile devices, wherein the exchanging data includes transmitting output data to at least one of the one or more of the wireless mobile devices, and the output data includes a unique identifier associated with the transceiver.

*See* Exhibit D, Claim 1.

90. Leantegra's products infringe this claim.

91. The Leantegra Hardware contains a transceiver with an antenna capable of both receiving and transmitting a signal, infringing the "[a] transceiver" and "an antenna" limitations.

92. The Leantegra Hardware contains a processor, which infringes the "processing device" limitation of the claim.

93. The Leantegra Hardware also contains flash memory, which constitutes "a memory device in communication with the processing device" that stores instructions for the processing device to execute.

94. Upon information and belief, Leantegra's WiRange Gateway includes a "Bluetooth sniffer" and a "wi-fi sniffer," which detects wireless mobile devices that are within range of the transceiver, meeting the "discovering wireless mobile devices within a proximity

range of the transceiver" and "initiating communication between the transceiver and one or more of the wireless mobile devices" limitations of the claim.

95. The signal that the Leantegra Hardware transmits includes a unique identifier associated with the transceiver, which constitutes "output data" exchanged with the wireless mobile devices, including "a unique identifier associated with the transceiver."

96. Upon information and belief, Leantegra's customers and/or end users have directly infringed and are directly infringing at least claim 1 of the '979 Patent. Leantegra has actual knowledge of the '979 Patent at least as of service of this complaint. Leantegra is knowingly inducing its customers and/or end users to directly infringe the '979 Patent through, for example, the use of Leantegra Hardware in conjunction with the Leantegra SDK.

97. Leantegra has the specific intent to encourage such infringement, and knows that the induced acts constitute patent infringement. Leantegra's inducement includes, for example, providing customers and/or end users technical guides, product data sheets, demonstrations, specifications, software and development support, guided installation processes, demo programs, and other forms of support that induce its customers and/or end users to directly infringe the '979 Patent.

98. Leantegra has committed the foregoing infringing activities without license from ConnectQuest.

99. Leantegra's continued infringement of ConnectQuest's patent rights under the '979 Patent will irreparably harm ConnectQuest.

100. The acts of infringement by Leantegra will continue unless enjoined by this Court.

**COUNT V**
**(Infringement of U.S. Patent No. 9,219,981)**

101. Plaintiff repeats and realleges Paragraphs 1-100 as though fully set forth herein.

102. Leantegra has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ‘981 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the combination of the Leantegra Hardware, the Leantegra SDK, and Leantegra CVO Portal.

103. For example, on information and belief, Leantegra Hardware, when used in conjunction with a wireless mobile device running a mobile application developed with the Leantegra SDK, infringes at least claim 1 of the ‘981 Patent.

104. Claim 1 of the ‘981 Patent states as follows:

1. A transceiver comprising:

an antenna; and

> a processing device that includes a memory configured for storing instructions that when executed by the processing device result in:
>
> discovery of wireless mobile devices within a proximity range of the transceiver;
>
> initiating communication between the transceiver and one or more of the wireless mobile devices;
>
> exchanging data with the one or more of the wireless mobile devices, the exchanging including receiving a request for information from one of the one or more of the wireless mobile devices;
>
> based on receiving the request for information, identifying a retrieval location of at least a subset of the requested information; and
>
> transmitting the at least a subset of the information or an identifier of the retrieval location to the wireless mobile device.

*See* Exhibit E, Claim 1.

105. Leantegra's products infringe this claim.

106. The Leantegra Hardware contains a transceiver with an antenna capable of both receiving and transmitting a signal, meeting the "[a] transceiver comprising" and "an antenna" limitations.

107. The Leantegra Hardware contains a processor, which infringes the "processing device" limitation of the claim.

108. The Leantegra Hardware also contains flash memory, which constitutes "a memory configured for storing instructions" that stores instructions for the processing device to execute.

109. Upon information and belief, Leantegra's WiRange Gateway includes a "Bluetooth sniffer" and a "wi-fi sniffer," which detects wireless mobile devices that are within range of the transceiver, and can transmit to those devices, infringing the "discovery of wireless mobile devices within a proximity range of the transceiver" and "initiating communication between the transceiver and one or more of the wireless mobile devices" limitation of this claim.

110. Upon information and belief, applications developed using the Leantegra WiRange Gateway can provide information requested by a wireless mobile device, which constitutes "exchanging data…including receiving a request for information from one of the one or more of the wireless mobile devices."

111. The Leantegra WiRange Gateway then determines where this information is stored and provides this information to the user of the wireless mobile device, meeting the "identifying a retrieval location of at least a subset of the requested information" and

"transmitting the at least a subset of the information or an identifier of the retrieval location to the wireless mobile device" limitations of this claim.

112. Upon information and belief, Leantegra's customers and/or end users have directly infringed and are directly infringing at least claim 1 of the '981 Patent. Leantegra has actual knowledge of the '981 Patent at least as of service of this complaint. Leantegra is knowingly inducing its customers and/or end users to directly infringe the '981 Patent through, for example, the use of Leantegra Hardware in conjunction with either the Leantegra CVO portal and mobile applications made with the Leantegra SDK.

113. Leantegra has the specific intent to encourage such infringement, and knows that the induced acts constitute patent infringement. Leantegra's inducement includes, for example, providing customers and/or end users technical guides, product data sheets, demonstrations, specifications, software and development support, guided installation processes, and other forms of support that induce its customers and/or end users to directly infringe the '981 Patent.

114. Leantegra has committed the foregoing infringing activities without license from ConnectQuest.

115. Leantegra's continued infringement of ConnectQuest's patent rights under the '981 Patent will irreparably harm ConnectQuest.

116. The acts of infringement by Leantegra will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment in its favor and against Defendant and against Defendant's respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Defendant, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant on all Counts, declaring that the Defendants have infringed the Asserted Patents;

B. The grant of an injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant, together with its respective officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, from further acts of infringement;

C. An award to ConnectQuest of damages adequate to compensate it as a result of Defendant's infringement of the Asserted Patents, together with interest and costs, and in no event less than a reasonable royalty;

D. For a judgment declaring that this case is exceptional and awarding ConnectQuest its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

E. For such other relief to which ConnectQuest is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: December 18, 2018

Respectfully submitted,

By: /s/ Steven M. Coyle

Steven M. Coyle, Esq. (No. SC0730)
CANTOR COLBURN LLP
20 Church Street, 22nd floor
Hartford, CT 06103
Phone: (860) 286-2929
Fax: (860) 286-0115
scoyle@cantorcolburn.com

*Attorney for Plaintiff*
*ConnectQuest, LLC*